# BRACHT *v.* SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY.

## CERTIORARI TO THE KANSAS CITY COURT OF APPEALS OF THE STATE OF MISSOURI.

No. 118.   Argued December 16, 1920.—Decided January 3, 1921.

Where, in the contemplation of the parties and by the terms of the bill of lading, a shipment is purely intrastate and neither the bill nor any state regulation gives a right to divert or reship, the action of the shipper and connecting carrier in forwarding the goods, after arrival at destination, to a new destination in another State under a new bill can not impress the original shipment with an interstate character, subject it to the Interstate Commerce Act and interstate tariffs, and so render the initial carrier liable under the Carmack Amendment for damage occurring under the new consignment.

200 Mo. App. 655, affirmed.

THE case is stated in the opinion.

*Mr. I. N. Watson,* for petitioner, submitted.   *Mr. Hal R. Lebrecht* and *Mr. L. A. Laughlin* were also on the brief.

*Mr. Samuel Herrick,* with whom *Mr. Robert J. Boyle* was on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

June 10, 1915, the petitioner delivered to respondent Railway Company at Ingleside, Texas, a carload of vegetables consigned to himself at Dallas, Texas, a point off its lines, where he intended to sell them. He accepted a bill of lading upon the face of which was plainly printed— "For use only between points within the State of Texas."

It contained no reference to a diversion or reshipment; and the record discloses no rule or regulation by the state statutes or authorities on that subject.

The car moved over respondent's road to Waco and then over the M. K. & T. Railway to Dallas, where it appears to have arrived promptly with contents in good condition. Upon petitioner's request, made after such arrival, the M. K. & T. Railway forwarded the car to Kansas City over its own lines, took up the original bill of lading and issued an interstate one acknowledging receipt of the vegetables at Dallas. When the car reached Kansas City the contents were in bad condition and thereupon petitioner sued respondent as the initial carrier claiming a right to recover damages under the Carmack Amendment to the Interstate Commerce Act (34 Stat. 584, c. 3591).

The court below held that the provisions in interstate tariffs permitting reconsignment or change of destination did not apply, that the carrier only agreed to transport to Dallas and was not liable for damage sustained beyond that point.

Respondent's contract appears to have related only to a movement between points in the same State. It had no notice or reason to suppose that the freight would pass beyond the destination specified. The original undertaking was an intrastate transaction, subject, of course, to any applicable rules and regulations prescribed by state authority. The record discloses none; and we are unable to say as matter of federal law that the tariff schedules for interstate shipments or the provisions of the Interstate Commerce Act constituted part of the agreement. The general principles announced in *Gulf, Colorado & Santa Fe Ry. Co.* v. *Texas*, 204 U. S. 403, 411, are applicable. *Ohio Railroad Commission* v. *Worthington*, 225 U. S. 101; *Texas & New Orleans R. R. Co.* v. *Sabine Tram Co.*, 227 U. S. 111, and similar cases are not

controlling. They involved controversies concerning carriage between points in the same State which was really but part of an interstate or foreign movement reasonably to be anticipated by the contracting parties —a recognized step towards a destination outside the State. The distinctions are elucidated in *Texas & New Orleans R. R. Co.* v. *Sabine Tram Co.* Here neither shipper nor respondent had in contemplation any movement beyond the point specified and the contract between them must be determined from the original bill of lading and the local laws and regulations.

*Affirmed.*