I dissent from so much of the prevailing opinion as refers to the Lehigh Valley Railroad Company.
It is true that a terminal road that switches indiscriminately foreign and domestic cars is itself an instrument of interstate commerce; it is true that its acts *Page 76 
in so far as they do or may affect interstate commerce are subject to regulations by Congress; it is true that when actually engaged in interstate commerce its employees are protected by federal legislation. This is far from requiring the conclusion that each movement of freight over its road is also a movement in interstate commerce.
Whether it is so or not depends upon the circumstances of each particular shipment. If, in fact, it is interstate, then knowledge or notice on the part of the carrier is immaterial. But if that fact is in dispute, what the carrier knew or should have known when the contract of carriage was made may become important.
I accept the tests proposed as to whether the particular shipment with which we have to do was inter- or intrastate. Was the movement from the cold storage warehouse to Montreal single and continuous; did one exercise of will, a purpose preconceived and preannounced, determine the course of shipment from the beginning to the close; was the delivery to the agent of the New York Central Railroad Company an end in itself or merely a step in a larger process; was there continuity of movement, combined with unity of plan; in reality was the switching of the cars but one part of an entire interstate movement, reasonably to be anticipated by the parties, a recognized step to a destination outside the state? Undoubtedly, if these questions are answered in favor of the plaintiff then nothing more is to be said. But can they be so answered under the circumstances before us as a matter of law?
When the Lehigh Valley Railroad Company received an order from the Buffalo Cold Storage Company to move those cars to East Buffalo and deliver them to the New York Central Railroad Company's agent and proceeded to carry out this order, it may or it may not have been engaged in interstate commerce. What later actually happened to these cars; what was the secret intention of the owner of their contents is not decisive. *Page 77 
The real question is, did the parties who initiated the movement initiate it as a step in a larger process, or did they intend it to be an end in itself, something separate and distinct from later movements which might be begun when delivery was made to the consignee. As to this, I think, the relations between shipper and carrier, what each knew or reasonably should have anticipated, and the contract between them as interpreted in the light of these circumstances, are the matters for consideration. (Gulf, Col. S.F. Ry. Co. v. Texas, 204 U.S. 403; Bracht
v. San Antonio A.P. Ry., 254 U.S. 489.)
In its switching work, the Lehigh did engage in interstate commerce. The New York Central was an interstate road. Cars delivered to it were often carried over the state line. All this was known. On the other hand, the cold storage company was obviously acting for some undisclosed principal; the consignee was not engaged in commerce of any kind; if the cars were to be forwarded from East Buffalo a new contract would be required between the shipper and the New York Central Company; the switching charges were not part of a through transportation rate, they were a distinct charge for a distinct service; of a like character was the contract of the Lehigh; and the Lehigh was ignorant of the truth.
I do not say that these facts should require us to hold as a matter of law that this shipment was intrastate. All we need hold is that whether this particular transaction was or was not a final and distinct piece of work depends upon the intention of the parties when the shipment was made. If they chose they might make it so. Whether they did or not is a question of fact. The judgment against this defendant should, therefore, be reversed and a new trial should be ordered.
CHASE, HOGAN and CRANE, JJ., concur with CARDOZO, J.; HISCOCK, Ch. J., and McLAUGHLIN, J., concur with ANDREWS, J.
Judgments affirmed. *Page 78